IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

COMPANY WRENCH, LTD.,

    Plaintiff,

                             Civil Action Number: 2:12-CV-109
v.                             Hon. George C Smith, District Judge
                             Hon. Norah McCann King, Magistrate Judge

RHINO CONSTRUCTION, LLC,

    Defendant.

## AGREED PROTECTIVE ORDER

Plaintiff Company Wrench LTD and Defendant Rhino Construction, LLC (collectively referred to as the "Parties", singularly referred to as a "Party") by and through counsel, state and agree that documents and information produced in this action may be confidential and proprietary in nature. Revealing or disseminating confidential documents or information by whatever means creates a risk that the documents or information will be obtained and used in a manner which would damage the interests of that Party. The Parties hereto state and agree that public policies in favor of maintaining the confidentiality of personal financial information will be served by entering into this Agreed Protective Order. Furthermore, factors such as (1) the risk of injury to the Parties should confidential financial information be revealed; and (2) maintaining the confidential nature of the Parties' proprietary business information weigh in favor of entering a protective order.

Accordingly, the Parties, and anyone else who may subscribe to this Order, hereby stipulate, and the Court hereby orders, pursuant to Fed.R.Civ.P. 26(c), that the following protective conditions contained in this Agreed Protective Order (the "Order") shall apply to the conduct of this litigation.

5977047

1. Except as provided in Paragraph 2 of this Order, all documents and information produced by the Parties in this litigation that are labeled in good faith by counsel as "confidential" within the meaning of Fed.R.Civ.P. 26(c) shall be maintained confidentially.

2. The following documentation or information of the Parties shall not be held as confidential information by the Parties subject to this Order:

    (a) Documentation or information which at the time of disclosure is part of the public domain or record;

    (b) Documentation or information which after its disclosure becomes part of the public domain or record through no act, omission or fault of the Parties hereto; and

    (c) Documentation or information which is rightfully in the possession of the Receiving Party, its counsel of record or experts, under no obligation of confidence.

3. The term "documents," as used herein, means all originals and copies of the specific documents listed in Exhibit A to this Order as well as all originals and copies of records, books, papers, documents, and tangible things, including, but not limited to, writings, reports, records, correspondence, memoranda, notes, ledgers, time cards, time records, tapes, films, or other forms of mechanical transcription of sound, and copies of all drafts, notes, or any preparatory material concerned with any of the foregoing in the possession, custody, or control of a party, or that party's agents, servants or employees. The term "documents," as used herein, shall also be understood to encompass the contents of such confidential materials.

4. "Information" shall be understood to include, but not be limited to, testimony, particularly transcripts, memoranda or other documentation of testimony, information obtained from employees of a Party regarding that Party's business and also the substance of such

testimony or information, summaries or abstracts thereof, notes taken thereon, or like recapitulations thereof.

5. (a) If the Producing Party believes in good faith that documents and/or information to be given or produced to the Receiving Party is confidential, the Producing Party shall mark the document, article, or thing containing such information with the designation:

**"CONFIDENTIAL"**

(b) Multiple page documents shall be deemed to have been sufficiently marked confidential if so marked on the first page.

6. Access to and disclosure of information and/or documents designated as confidential pursuant to Paragraph 5 shall be limited to:

(i) the Parties;

(ii) trial counsel and/or in–house counsel for the Receiving Party and their respective staffs;

(iii) outside experts or outside consultants of the Receiving Party whose advice and consultation are being or will be used in connection with preparation for the litigation or the litigation of this case;

(iv) a witness, deponent, or potential witness or deponent, and his/her counsel, during the course of or in preparation for this litigation;

(v) the Court, court reporters, or other Court personnel involved in the adjudicative process; and

(vi) copy or computer services for the purpose of copying or indexing documents, provided that all documents are retrieved by the Receiving Party upon completion of service.

7. Individuals other than those set forth in Paragraph 6 (i), (v), and (vi) to whom such confidential documents or information are shown, furnished, or otherwise disclosed, shall be first shown a copy of this Order by signing the document in the form of Exhibit B hereto. Counsel shall retain the signed acknowledgment form, and, upon reasonable demand, shall permit opposing counsel to inspect and copy same, provided such disclosure is not inconsistent with provisions of the Federal Rules of Civil Procedure.

8. It is specifically understood and agreed to between the Parties that any confidential materials so designated pursuant to this Order are to be used only for the specific purposes of this action and not for the business purposes or intentions of the Parties.

9. All confidential documents or information received by counsel of record shall be retained by such counsel and shall not be delivered or disclosed, specifically or in substance, to anyone other than the individuals set forth in Paragraph 5 and 6 of this Order.

10. In the event that the Receiving Party disagrees with any confidential designation by the Producing Party, the Parties will try first to resolve such dispute on an informal basis. If necessary, application may be made to the Court for relief. Upon such application, the Producing Party shall bear the burden of establishing that the designation is proper. Neither Party shall be obligated to challenge the propriety of a particular designation, and a failure to do so shall not constitute an admission that any item or information is, in fact, confidential or preclude a subsequent challenge to the propriety of such designation.

11. Confidential documents and information previously produced by a Party shall be reproduced by the Receiving Party only when necessary for a specific purpose related to this action.

12. When documents or information are used at depositions, hearings or other public or quasi-public proceedings, the documents or information shall be identified as confidential in accordance with the applicable provisions of Paragraph 5, in terms sufficient to apprise those present of their protected status and of the protective conditions which apply to them. To the extent that any of those present are not designated persons as defined herein, or are designated persons who have not previously been shown this Order, the applicable provisions of this Order shall be carried out.

13. Confidential documents and information used at depositions, hearings or other public or quasi-public proceedings, other than the trial of this cause, shall not be attached to transcripts or other documents memorializing such proceedings, except by agreement of the Parties. Confidential documents and information shall not be appended to memoranda, briefs, or other documents or pleadings which will be reviewed by persons other than the persons designated herein or otherwise permitted access thereto under the terms of this Order. Alternatively, confidential documents and information may be attached to such transcripts, memoranda, pleadings, briefs and the like provided that:

(a) they shall be collectively maintained in an envelope or other protective covering which bears on its front and back the following label:

> CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A PROTECTIVE ORDER. TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT OR BY WRITTEN AGREEMENT OF THE PARTIES.

Any Party that seeks to use confidential documents and information at depositions, hearings, or other public or quasi-public proceedings, other than the arbitration of this case, or to

append confidential documents or information to any transcripts, memoranda, briefs, pleadings, or the like, shall bear the burden of satisfying the foregoing conditions.

14. The terms of this Order shall govern the disclosure and handling of confidential documents or information as between the Parties, and any other individual or entity that may later become a Party to this Order. Should any Party determine that it is necessary to file confidential documents or information with the Court ("Confidential Material"), that Party will submit a motion to the Court detailing the need for restricting public access to the Confidential Material and proposing the least restrictive means available for restricting public access to the Confidential Material. The Party submitting such a motion for protective order will simultaneously submit with it the Confidential Material in a sealed envelope. All Confidential Material will be deemed filed as of the date of submission of the motion for protective order.

15. Acceptance by a Receiving Party of information, documents, or things identified or marked as confidential material hereunder by a disclosing Party shall not constitute a concession that such information, documents or things in fact are or include protected material of such disclosing Party. Nothing in this Order shall be deemed a waiver of any Party's right to object to production of any documents or other tangible things or answers to interrogatories for lack of timeliness, relevance or materiality, or as a privileged communication, or as trial preparation materials, or as not reasonably calculated to lead to the discovery of admissible evidence.

16. Within twenty-one (21) days of the settlement, final adjudication, or other final resolution of this case, including all appeals thereto, any and all confidential documents or information, and any copies or reproductions thereof in the possession of individuals other than the Court, shall be returned to counsel who produced them. However, notwithstanding the

foregoing, counsel of record may retain all pleadings, discovery responses, deposition transcripts, legal memoranda, correspondence and attorney work product.

17. If a Party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with the provisions of this Order, the Producing Party may give written notice to the Receiving Party that the document or thing produced is deemed confidential and should be treated as such in accordance with the provisions of this Order. The Receiving Party must treat such documents and things as confidential from the date such notice is received. Disclosure, prior to the receipt of such notice, of such confidential information to persons not authorized to receive confidential information shall not be deemed a violation of this Order.

18. If a Party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to an attorney/client privilege or the work product privilege, such production shall not be deemed a waiver of any privilege, and the Producing Party may give written notice to the Receiving Party that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such written notice, the Receiving Party shall immediately gather the original and all copies of the document or information of which the Receiving Party is aware and shall immediately return the original and all such copies to the Producing Party. The return of the document(s) and/or information to the Producing Party shall not preclude the Receiving Party from later moving the Court to compel production of the returned documents and/or information.

19. In the event disclosure of information or materials covered by this Order is sought by a non-party through subpoena power in other litigation, the counsel and/or party receiving the subpoena shall first notify the Party whose confidential information is sought and provide said

Party an opportunity to take appropriate measures to protect disclosure in that litigation. No disclosure of information or materials covered by this Order shall be made to a non-party through subpoena power in other litigation absent agreement of the Party whose confidential information is sought or court order.

20. Neither Party waives, and each expressly retains the right to claim in this or any other legal, administrative or investigative proceeding, the application of any privilege to the confidential documents and information discovered hereunder.

21. Nothing in this Order shall be deemed a waiver of any Party's right to object to production of any documents or other tangible things or answers to interrogatories for lack of timeliness, relevance or materiality, or as a privileged communication, or as trial preparation materials, or as not reasonably calculated to lead to the discovery of admissible evidence.

22. The Parties, after having complied with the local rules, shall submit to the Court for resolution of any disputes regarding this Order and any proposed modification or enforcement of it, and no Party hereby waives its rights to a hearing nor the rights afforded the Party under the Federal Rules of Civil Procedure.

23. In the event any Party seeks discovery of information from a third-Party which is alleged by such third-party to be confidential, such third-party may designate such information as confidential and the Parties agree that such third-party information will be received and maintained by them under the provisions of this Order.

24. A procedure for use of confidential information at trial shall be discussed at the final pre-trial conference of this case and will be subject to the ruling of the Court.

25. This Court shall retain jurisdiction to make such amendments, modifications and additions to this Order as this Court may deem appropriate from time to time, and any Party may apply to the Court at any time for an amendment, modification, or addition to this Order.

26. This Order shall survive the termination of this litigation.

SO ORDERED this 29th day March,2012.

    *s/ Norah McCann King*
Magistrate Judge King

STIPULATED AND AGREED:

/s/ James C. Carpenter_____
James C. Carpenter (0012228)
Steptoe & Johnson PLLC
Huntington Center
41 South High Street, Suite 2200
Columbus, Ohio 43215
(614) 221-5100
(614) 221-0952 Fax
(614) 458-9824 Direct
James.Carpenter@steptoe-johnson.com
*Counsel for Plaintiff Company Wrench LTD*

//s/ Jeff Brauer_____
Jeffrey A. Brauer (069908)
Hahn Loeser & Parks LLP
3300 BP America Building
200 Public Square
Cleveland, OH 44114-2301
jabrauer@hahnlaw.com

*Counsel for Defendant,*
*Rhino Construction, LLC*

# **EXHIBIT B**

The undersigned hereby acknowledges that he/she has read the Agreed Protective Order dated _____, 2012, in the litigation captioned as *Company Wrench, Ltd v. Rhino Construction, LLC,* Case No. 2:12-CV-109. He/she understands the terms thereof and he/she submits to the jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division with regard to the enforcement or interpretation thereof as if he/she were a signatory thereof.

Dated:_____  Signed:_____

Address:_____

_____